```
                                              U.S. DISTRICT COURT
                                           NORTHERN DISTRICT OF TEXAS
                                                    FILED

                                                 FEB 10 2023

                                           CLERK, U.S. DISTRICT COURT
                                           By_____
                                                       Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STATE OF TEXAS, | ) Case No.: 4:23-cv-00066-Y |
| | ) |
| STATE OF OKLAHOMA, | ) **MOTION TO INTERVENE** |
| Plaintiffs, | ) **Rule 24, Fed. R. Civ. P.;** |
| v. | ) **Tenth Amendment** |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, | ) **PROPOSED CLASS ACTION** |
| | ) |
| XAVIER BECERRA, *In His Official* | ) |
| *Capacity As Secretary of Health and* | ) |
| *Human Services,* | ) |
| | ) |
| MARVIN FIGUEROA, *In His Official* | ) |
| *Capacity As Director of* | ) |
| *Intergovernmental and External Affairs of* | ) |
| *the Department of Health and Human* | ) |
| *Services,* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| EMANUEL MCCRAY, *On Behalf of* | ) |
| *Himself and All Others Similarly Situated,* | ) |
| | ) |
| Intervenors-Plaintiffs. | ) |

1

Emanuel McCray ("McCray"), Proposed Intervenor, respectfully moves to intervene in this action on behalf of himself and all other citizens of the United States similarly situated, as a class, pursuant to Rule 24 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the Declaration of Independence, our sovereign power reserved to the People in the Tenth Amendment, and our power as a group acting as a class pursuant to *Bond v. United States,* 572 U.S. 844, 853 (2014),[1] and *Califano v. Yamasaki,* 442 U.S. 682, 700, (1979).[2]

This Motion is supported by the attached Memorandum of Law. A Proposed Complaint as the pleading required under Rule 24 accompanies this Motion To Intervene.

The following grounds for intervention are claimed:

1) **Founding Documents**: The Declaration of Independence of 1776, the U.S. Constitution and the Enabling Act for each State of the United States do not grant Congress, the Federal and State Governments and this Honorable Court power or authority to sustain the international law the Defendants have set forth in 42 C.F.R. § 70.1. In the alternative, any such Federal or State rules, statutes, science of law (jurisprudence) or regulation that gives power to the World Health Organization

---

[1] Holding that: "'An individual may 'assert injury from governmental action taken in excess of the authority that federalism defines.'"

[2] Holding that "class relief is appropriate in civil actions brought in federal court, including those seeking to overturn determinations of the departments of the Executive Branch of the Government in cases where judicial review of such determinations is authorized.... Indeed, a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them."

(WHO), is contrary to the original intent of our Nation's founding documents and are unconstitutional.

2) **Self-Preservation and Self-Governance**: The supreme and inalienable interests of the People of the United States to self-preservation and self-governance overrides 42 C.F.R. § 70.1 and its international law implications first explained by U.S. Supreme Court Justice John Marshall in *Johnson v. M'Intosh*, 21 U.S. (7 Wheat.) 543 (1823) ("On the discovery of this immense continent, the great nations of Europe were eager to appropriate to themselves so much of it as they could respectively acquire." *Id.* 21 U.S. at 572. The unauthorized delegation to the WHO contained in 42 C.F.R. § 70.1 presents a clear and present danger to the public health, safety and property of the People of the United States.

3) **Basic Human Rights**: Basic human rights (BHRs) are guaranteed to the People of the United States. Since the Declaration of Independence of 1776, these BHRs have been under vicious assault by individuals loyal to globalists, internationalists and other believers in a "one-world" order. The instant case is a perfect example. Here, 42 C.F.R. § 70.1 attempts to deny to the People of the United States their basic human rights.

4) **Tenth Amendment Collective Intervention**: The Supreme Court in *United States v. Sprague,* 282 U.S. 716, 733 (1931) found the Tenth Amendment was intended to confirm the understanding of the people at the time the Constitution

was adopted, that powers not granted to the United States were reserved to the States or to the people, i.e., where we go one we go all. "It added nothing to the instrument as originally ratified…." In this sense, the Amendment is declaratory that all is retained which has not been surrendered. *New York v. United States,* 505 U.S. 144, 156 (1992) (quoting *United States v. Darby,* 312 U.S. 100, 124 (1941)). Justice Joseph Story characterized the Amendment as a mere affirmation of a necessary rule of interpreting the Constitution:

> "Being an instrument of limited and enumerated powers, it follows irresistibly, that what is not conferred, is withheld, and belongs to the state authorities, if invested by their constitutions of government respectively in them; and if not so in vested, it is retained BY THE PEOPLE, as a part of their residuary sovereignty;"[3] and

5) **Plaintiff's Allegations Sound in Fraud**: The complaint's main allegations expose the fraudulent behavior of the Defendants and their attempt to convey power to the WHO in violation of both U.S. and international law.

6) **International "Infiltration" Conspiracy**:  42 C.F.R. § 70.1 creates a framework which allows international criminals and their conspiracy to bypass the international law allowed by the U.S. Constitution and the statutes enacted by Congress. In or about October 2017, President Trump established a "back channel" communications link for the public known as "Q".[4] At least of 54 "Q" posts summarize the association of illegal immigration and "[i]nfiltration [rogue] at the

---

[3] Joseph Story, Commentaries on the Constitution of the United States § 1900 (1833).
[4] Available from https://qanon.pub/. [Last visited on December 25, 2022].

4

highest levels of our gov, media, corps, etc.": (Immigration)[5]—85, 100, 121, 874, 988, 1570, 1603, 1652, 2037, 2392, 2646, 2683, 2689, 2754, 2854, 3016, 3049, 3071, 3748, 3750, 3778 and 4545); (Infiltration)[6]—57, 58, 779, 1510, 1751, 1796, 1813, 1960, 2651, 2682, 2984, 3124, 3588, 3634, 3903, 3911, 3931, 3997, 4235, 4284, 4373, 4416, 4424, 4543, 4583, 4612, 4620, 4627, 4645, 4649, 4699 and 4750).

Intervention is warranted as of right or permission because Intervenor McCray was born in the United States and the proposed class members were either born or naturalized in the United States, and 42 C.F.R. § 70.1 substantially interferes with and denies to all of the People of the United States their basic constitutional rights.

---

[5] Available fom https://qanon.pub/?q=immigr. [Last visited on December 25, 2022].
[6] Available from https://qanon.pub/?q=infiltration. [Last visited on December 25, 2022].

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

## I. Legal Standard.

The proposed Intervenors-Plaintiffs seek intervention (i) as of right or (ii) permissively to challenge the constitutional jurisdiction being exercised by the Defendants who are engaged in the intentional violation of the sovereignty of the United States and the individual sovereignty of the People of the United States.

Rule 24, Fed. R. Civ. P., "is to be construed liberally," with "doubts resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009).

"[I]ntervention of right must be measured by a practical rather than technical yardstick" and "should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citations and internal quotation marks omitted).

## II. Article III Standing To Intervene.

To have standing to sue as a class representative it is essential that a party must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents. To state differently, proposed Intervenors' interest must be "undifferentiated" from that of all other residents of Texas and Oklahoma. *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 216 (1974). See also *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct.

1645, 1650 (2017) ("Article III of the Constitution limits the exercise of the judicial power to 'Cases' and 'Controversies.'") (Citation omitted).

The concrete injury here asserted has been alleged in Plaintiff's Complaint. For example, Plaintiff alleges in paragraphs 2, 21, 24, 51-53, and 68-73 of its Complaint that 42 C.F.R. § 70.1 is an unconstitutional delegation of power to the WHO which interferes with the "health and well-being of their residents". Stated as such, it follows that 42 C.F.R. § 70.1 endangers the health and well-being of all citizens of the United States.

**III.    Timeliness.** This Motion to Intervene is timely. The complaint was filed on January 18, 2023. As of the date of this Motion, February 5, 2023, the Defendants have not filed any papers with the Court in response to the Complaint or in response to the Summons served upon them. The Proposed Intervenors-Plaintiffs satisfy the timeliness requirement. See *NAACP v. New York,* 413 U.S. 345, 366, (1973) (Timeliness determinations under Rule 24 are vested in the sound discretion of the district court.)

**IV.    Significantly Protectable Interests.**

"An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Cal. rel. Lockyer v. United*

7

*States,* 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998)) (internal quotation marks omitted).

Proposed Intervenors seek to protect significant "protectable interests" secured by the 1776 Declaration of Independence; the Treaty of Paris, Gr. Brit.-U.S., September 3, 1783, 8 Stat. 80; the U.S Constitution and the Tenth Amendment; the Enabling Act agreed to by each State; and the civil and criminal laws enacted to protect the rights of each proposed Intervenor.

The Plaintiffs allegations are such that 42 C.F.R. § 70.1 affects every citizen of the United States and the Due Process Clauses of the 5th and 14th Amendments. Thus, intervention is necessary where 42 C.F.R. § 70.1 threatens to completely eradicate the "principle of party presentation so basic to our system of adjudication", *Arizona v. California,* 530 U.S. 392, 413 (2000), *United States v. Sineneng-Smith,* 140 S. Ct. 1575, 1579 (2020), *Greenlaw v. United States,* 554 U.S. 237, 243-244 (2008).

Any judgment of this Court, particularly one in favor of the Defendants, will have serious import for American foreign relations, the People of the United States, and the national security of both, as evidenced from the powers reserved to the proposed Intervenors under the Tenth Amendment and Articles I, V and VII of the Treaty of Paris, Gr. Brit.-U.S., September 3, 1783, 8 Stat. 80.

## V. Intervenor's Interests Not Adequately Represented by Existing Parties.

The proposed Intervenors, as a class, cannot be adequately represented by the parties and their legal Counsel. Indeed, the Supreme Court in *Trbovich v. Mine Workers,* 404 U.S. 528 (1972) held that a union member's interest was not adequately represented by the Secretary because the Secretary had a "duty to serve two distinct interests, which are related, but not identical." *Id.* 404 U.S. at 538. The Supreme Court further held that:

> "Even if the Secretary is performing his duties, broadly conceived, as well as can be expected, the union member may have a valid complaint about the performance of "his lawyer." Such a complaint, filed by the member who initiated the entire enforcement proceeding, should be regarded as sufficient to warrant relief in the form of intervention under Rule 24(a)(2)." *Id.* 404 U.S. at 539.

The "ultimate objective" in throwing off the bonds and allegiances of Europe and Mexico upon the Colonies was "to be free sovereign and independent states".

The U.S. Constitution and the laws enacted by Congress provide no authority for the Defendants to place federal law in the hands of the WHO.

The U.S. Constitution and the laws enacted by Congress similarly provide the Court with no judicial authority to sustain 42 C.F.R. § 70.1 grant of authority to the WHO. Granting such authority to the Defendants would arguably violate the "political question doctrine", which prevents courts from deciding issues assigned to the Executive or Legislative branches of the U.S. government, even where other justiciability requirements, such as standing, ripeness, and mootness, would

otherwise be met. *Baker v. Carr,* 369 U.S. 186, 198-99 (1962) (discussing difference between jurisdiction and appropriateness of the subject matter for judicial consideration, known as justiciability); *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2005) (The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.). See also *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 215 (1974) ([T]he presence of a political question suffices to prevent the power of the federal judiciary from being invoked by the complaining party.).

## VI. Permissive Intervention.

The proposed Intervenors also satisfy the requirements for permissive intervention, which is governed by the provisions of Fed. R. Civ. P. Rule 24(b).

Proposed Intervenors can assert both factual and legal questions directly related to the main action. We seek to protect our "health and well-being" and our individual sovereignty and intervention will significantly contribute to the just and equitable adjudication of the legal questions presented.

## VII. CONCLUSION.

For the reasons set forth above, the proposed Intervenors-Plaintiffs respectfully request that the Court grant their motion to intervene as of right, or, in the alternative, allow the Proposed Intervenors-Plaintiffs to intervene permissively.

Respectfully submitted this 5th day of February 2023.

*Emanuel McCray*
Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

**FROM:** EMANUEL MCCRAY
2700 Caples Avenue
P.O. Box 3134
Vancouver, WA 98668

**TO:**
CIVIL CLERK
United States District Court
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673

RECEIVED
FEB 10 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRIORITY MAIL



U.S. POSTAGE $9.65
PM
98661
Date of sale 02/05/23
06   2S
11486725
SSK

RDC 04

C024

PRIORITY MAIL®

EMANUEL MCCRAY
PO BOX 3134
VANCOUVER WA 98668-3134

EXPECTED DELIVERY DAY: 02/09/23

SHIP TO:
US DISTRICT COURT
501 W 10TH ST
FORT WORTH TX 76102-3637



USPS TRACKING® NUMBER



9505 5066 7171 3036 7969 85

