1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 0 2023

CLERK, U.S. DISTRICT COURT

By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STATE OF TEXAS,

STATE OF OKLAHOMA,
                              Plaintiffs,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

XAVIER BECERRA, *In His Official
Capacity As Secretary of Health and
Human Services,*

MARVIN FIGUEROA, *In His Official
Capacity As Director of
Intergovernmental and External Affairs of
the Department of Health and Human
Services,*

                              Defendants.

EMANUEL MCCRAY, *On Behalf of
Himself and All Others Similarly Situated,*

                    Intervenors-Plaintiffs.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:  4:23-cv-00066-Y**

**PLAINTIFFS-INTERVENORS'
NOTICE OF MOTION AND
MOTION FOR CLASS
CERTIFICATION; SUPPORTING
MEMORANDUM OF POINTS AND
AUTHORITIES**
**Rule 23, Fed. R. Civ. P.**

[FILED CONCURRENTLY WITH
MOTION TO INTERVENE AND
PROPOSED COMPLAINT]

1

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**

To Plaintiff States of Oklahoma and Texas their attorneys of record and to the

Defendants and their attorneys of record:

PLEASE TAKE NOTICE that on _____, 2023, at _____ in the

Courtroom of the presiding judge in this case in the Federal Courthouse in Fort

Worth, Texas, or as soon thereafter as Plaintiffs-Intervenors may be heard,

Plaintiffs-Intervenors will and do hereby move the Court for an order certifying this

case as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil

Procedure on behalf of the following class of similarly situated persons:

> All persons born or naturalized in the United States who are citizens of
> the United States, and subject to the jurisdiction of the United States.
> Excluded are the Defendants, the Judiciary and their families and
> employees, and the District of Columbia.

This motion is based upon the accompanying memorandum of law and upon

all other matters of record herein. In accordance with Local Rule 7.1(b)(3), a

conference was not held because the Defendants have not made an appearance as of

January 29, 2023. The last action on the Docket occurred on January 19, 203 with

the issuance of the Summons as to all Defendants. This motion must be presumed to

be opposed.

Dated: February 5, 2023

Respectfully submitted,

*Emanuel McCray*

Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

3

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................................................... i

TABLE OF AUTHORITIES......................................................................................... ii

INTRODUCTION .......................................................................................................1

ARGUMENT

    I.       **THE PROPOSED CLASS MEETS RULE 23**........................................1

CONCLUSION............................................................................................................6

i

1

# TABLE OF AUTHORITIES

2

**Cases**                                                 **Page(s)**

3

4

Bond v. U.S.
   564 U.S. 211, 222 (2011) ...................................................... ....1, 5

5

Califano v. Yamasaki
   442 U.S. 682, 700-701 (1979) .............................................. ....1

6

7

Eisen v. Carlisle and Jacquelin
   391 F.2d 555 (2 Cir. 1968) ................................................... ....6

8

9

Eisen v. Carlisle & Jacquelin
   417 U.S. 156, 178, (1974) ..................................................... ....2

10

11

Fischer v. Dallas Federal Sav. and Loan Ass'n
   106 F.R.D. 465, 470 (N.D. Tex. 1985) .................................. ....3

12

13

In re Enron Corp. Securities, Derivative & "ERISA" Litigation,
   228 F.R.D. 541, 555 (S.D. Tex. 2005) .................................. ....2

14

15

Johnson v. Georgia Highway Express, Inc.
   417 F.2d 1122, 1124 (5th Cir. 1969) .................................... ....5, 6

16

17

Lanner v. Wimmer
   662 F.2d 1349, 1357 (10th Cir. 1981) ................................... ....5

18

19

Leisner v. New York Telephone Co.
   358 F. Supp. 359, 372 (S.D.N.Y. 1973) ............................... ....5

20

21

Lightbourn v. County of El Paso
   118 F.3d 421, 426 (5th Cir. 1997) ......................................... ....4, 5

22

23

Miller v. Mackey Int'l
   452 F.2d 424, 427 (5th Cir.1971) .......................................... ....2

24

25

Mullen v. Treasure Chest Casino, LLC
   186 F.3d 620, 625 (5th Cir. 1997) ......................................... ...4, 5

26

27

28

ii

Rice v. City of Philadelphia
    66 F.R.D. 17, 20 (E.D. Pa. 1974) ............................................. ....3

Rubenstein v. Collins
    162 F.R.D. 534, 536 (S.D. Tex. 1995) ................................... ...2

United States Fidelity Guaranty Co. v. Lord
    585 F.2d 860, 873 (8th Cir. 1978) ............................................. ....5

**Statutes**

Federal Rules of Civil Procedure

    Rule 23..................................................................... .......3
    Rule 23(a) ................................................................ ........6
    Rule 23(a)(1) ........................................................... .......3
    Rule 23(a)(3) ............................................................ .......4
    Rule 23(b)(2) ........................................................... ........6

Code of Federal Regulations (CFR)

    42 C.F.R. § 70.1............................................................ .......3, 4

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

**I.   THE PROPOSED CLASS MEETS RULE 23.**

**A.   General.**

The proposed Complaint is incorporated herein as if repeated here.

In *Bond v. U.S.*, 564 U.S. 211, 222 (2011), the Supreme Court stated that:

"Fidelity to principles of federalism is not for the States alone to vindicate. The recognition of an injured person's standing to object to a violation of a constitutional principle that allocates power within government is illustrated, in an analogous context, by cases in which individuals sustain discrete, justiciable injury from actions that transgress separation-of-powers limitations. Separation-of-powers principles are intended, in part, to protect each branch of government from incursion by the others. Yet the dynamic between and among the branches is not the only object of the Constitution's concern. The structural principles secured by the separation of powers protect the individual as well."

In *Califano v. Yamasaki,* 442 U.S. 682, 700-701 (1979), the Supreme Court held that:

"[C]lass relief is appropriate in civil actions brought in federal court, including those seeking to overturn determinations of the departments of the Executive Branch of the Government in cases where judicial review of such determinations is authorized.... Indeed, a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them. (Citations omitted.) Where the district court has jurisdiction over the claim of each individual member of the class, Rule 23 provides a procedure by which the court may exercise that jurisdiction over the various individual claims in a single proceeding."

1

A class action may be established if (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact concerning the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, *and* (4) the interests of the class will be fairly and adequately protected by the representative parties. *Rubenstein v. Collins*, 162 F.R.D. 534, 536 (S.D. Tex. 1995).

"The decision to certify a class is left to the discretion of the court…. (Citations omitted). Accordingly, if the Court errs, the Court should err in favor of the maintenance of a class action because if at any point the Court should decide a class action is not plausible, the suit may be converted to individual actions." (Citations omitted.) *Id.* 162 F.R.D. at 536-37.

"The merits of the case are not relevant in certifying a class…. In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 228 F.R.D. 541, 555 (S.D. Tex. 2005), *citing Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, (1974), *quoting Miller v. Mackey Int'l,* 452 F.2d 424, 427 (5th Cir.1971).

"Defining a class as consisting of all persons who have been or will be affected by the conduct charged to the defendants is entirely appropriate where only

2

injunctive or declaratory relief is sought. Indeed, the principal beneficiaries of an injunctive decree would seem likely to be those class members whose rights have not yet been violated." *Fischer v. Dallas Federal Sav. and Loan Ass'n*, 106 F.R.D. 465, 470 (N.D. Tex. 1985), *citing Rice v. City of Philadelphia*, 66 F.R.D. 17, 20 (E.D. Pa. 1974).

The proposed class is clear and is defined explicitly by whether the offending regulation, 42 C.F.R. § 70.1, which makes a mighty end run around the powers reserved to the People, is constitutional. As described, the class definition meets the requirements of Fed.R.Civ.P. Rule 23.

Moreover, the Plaintiff States of Texas and Oklahoma cannot adequately protect the "powers" reserved to the People of the United States in the Tenth Amendment without their assistance.

### B. Numerosity and Impracticality of Joinder

The proposed class satisfies Rule 23(a)(1) because the class size is approximately 334,000,000 individuals and is "so numerous that joinder is impractical." Thus, the proposed class plainly satisfies the numerosity requirement of Rule 23(a).

### C. Common Questions of Law or Fact

All putative class members have the same rights guaranteed under the Federal Constitution and certain "powers" reserved to them under the Tenth Amendment. A

3

sole discreet legal question all putative Plaintiffs-Intervenors share in common is whether 42 C.F.R. § 70.1 is a constitutional delegation of authority to the WHO, or whether 42 C.F.R. § 70.1 is a regulation that exceeds the authority available under the Constitution and laws of the United States.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." The Fifth Circuit has held that the test for commonality "is not demanding and is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1997) (quoting *Lightburn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)).

### D.    Typicality of Claims.

Rule 23(a)(3) requires that the claims of the named plaintiffs be "typical of the claims ... of the class." The loss of constitutional sovereignty and powers reserved to the People of the United States is typical of the putative class. Because McCray is a citizen of the United States and is among the "people" to whom the Tenth Amendment reserves "powers not delegated to the United States by the Constitution, nor prohibited by it to the States", McCray would have Article III standing to pursue the class claims under the typicality requirements of Rule 23.

"Like commonality, the test for typicality is not demanding. It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories

4

of those whom they purport to represent." *Mullen*, 186 F.3d at 625, *citing Lightbourn*, 118 F.3d at 426.

In this case, McCray and the proposed class members' legal and remedial theories are exactly the same. The typicality requirement of Rule 23(a)(3) is therefore satisfied.

### E.   Adequacy of Representation.

The final requirement for class certification, set out in Rule 23(a)(4), is that the named plaintiffs "will fairly and adequately protect the interest of the class." See *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124 (5th Cir. 1969) (citing "Federal Rules of Civil Procedure, Rule 23(a)(3), (a) (4).").

McCray is a citizen of the United States. The Federal Constitution applies equally to each citizen of the United States. See *Bond,* 564 U.S. at 222 (2011): "Fidelity to principles of federalism is not for the States alone to vindicate…. The structural principles secured by the separation of powers protect the individual as well." There are no formal or personal conflicts of interests between McCray, the putative class members, and the single claim McCray seeks to pursue.

"It is not 'fatal if some members of the class might prefer not to have violations of their rights remedied.'" *Lanner v. Wimmer*, 662 F.2d 1349, 1357 (10th Cir. 1981), citing *United States Fidelity Guaranty Co. v. Lord,*585 F.2d 860, 873 (8th Cir. 1978) (quoting *Leisner v. New York Telephone Co.,*358 F. Supp. 359, 372

(S.D.N.Y. 1973)), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1228, 59 L.Ed.2d 462

(1979).

Moreover, the State Plaintiffs "seek to protect their quasi-sovereign interest in

the health and well-being of their residents". The States and the citizens of the U.S.

are all in this Nation together.

Whether McCray will adequately represent the class is a question of fact to be

'raised and resolved in the trial court in the usual manner…. (Citation omitted.)

[T]he standard to be applied is not whether appellant will prevail, but is as stated by

Judge Medina [in *Eisen v. Carlisle and Jacquelin,* 2 Cir. 1968, 391 F.2d 555":]

> An essential concomitant of adequate representation is that the party's
> attorney be qualified, experienced, and generally able to conduct the
> proposed litigation. Additionally, it is necessary to eliminate so far as
> possible the likelihood that the litigants are involved in a collusive suit
> or that plaintiff has interests antagonistic to those of the remainder of
> the class. *Id. Johnson,* 417 F.2d at 1124-25.

## II.    CONCLUSION

For the foregoing reasons, this action should be certified as a class action

pursuant to Fed.R.Civ.Proc., Rule 23(a) and (b)(2).

Respectfully submitted this 5th day of February 2023.

*Emanuel McCray*

Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

6

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

POSTAGE REQUIRED

FROM: EMANUEL MCCRAY
2700 Caples Avenue
P.O. Box 3134
Vancouver, WA 98668

TO:

CIVIL CLERK
United States District Court
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673

RECEIVED
FEB 10 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRIORITY®
MAIL

rance (restrictions apply).

international destinations.

orm is required.

ms exclusions see the

lity and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

UNITED STATES
POSTAL SERVICE®

P

U.S. POSTAGE
$9.65
PM
98661
Date of sale
02/05/23
06     SSK
11468726

9130320205143868

RDC 04

C024

PRIORITY MAIL®

EMANUEL MCCRAY
PO BOX 3134
VANCOUVER WA 98668-3134

EXPECTED DELIVERY DAY: 02/09/23

SHIP
TO:
US DISTRICT COURT
501 W 10TH ST
FORT WORTH TX 76102-3637

USPS TRACKING® NUMBER

9505 5066 7171 3036 7969 85