IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STATE OF TEXAS and<br>STATE OF OKLAHOMA ,<br><br>    Plaintiffs,<br>v.<br><br>EMANUEL McCRAY, on behalf of himself<br>and all other similarly situated,<br><br>    Intervenor Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et al.,<br><br>    Defendants. | Civ. A. No. 4:23-cv-00066-Y |

**DEFENDANTS' RESPONSE AND OBJECTIONS TO
McCRAY'S MOTION TO INTERVENE**

  Defendants Xavier Becerra and Marvin Figueroa, each sued in his official capacity, and the United States Department of Health and Human Services (HHS) (collectively, Defendants) object to and oppose *Pro Se* Putative Intervenor Plaintiff Emanuel McCray's Motion to Intervene.  McCray, who resides in Vancouver, Washington, seeks to intervene on behalf of a proposed class of all United States citizens. There are multiple reasons to deny McCray's motion.  McCray is a *pro se* litigant who has previously filed class actions and motions to intervene that federal courts have *sua*

*sponte* dismissed or denied.[1] As a *pro se* litigant, McCray is not permitted to represent the proposed class. Even so, his pleadings do not meet the standards required for intervention under Federal Rule of Civil Procedure 24, and he failed to confer before filing his motion in violation of Local Civil Rule 7.1(a). His motion to intervene should be denied for all of these reasons, as further explained below.

## I.     Background

1. The States of Texas and Oklahoma (Plaintiffs) filed this lawsuit on January 18, 2023, under the Administrative Procedures Act (APA), alleging that HHS' regulatory definition of a "Public Health Emergency" in 42 C.F.R. § 70.1 infringes on U.S. and state sovereignty. (Doc. 1 at 2.)

2. Plaintiffs served Defendants Xavier Becerra, Marvin Figuero, and HHS on various dates. (Doc. 4 at 20, 23, 26.) The United States Attorney's Office was first served on January 25, 2023. (Doc. 4 at 19–20.) Defendants' deadline to answer or otherwise respond is March 27, 2023.

3. Intervenor Plaintiff Emanuel McCray, *pro se*, moved to intervene on February 10, 2023. (Doc. 5.) Concurrently with his motion to intervene, McCray filed a notice of

---

[1] *See, e.g.*, *McCray v. Hageman*, 235 F. App'x 627 (9th Cir. Aug. 22, 2007) ("The district court did not err when it sua sponte dismissed McCray's action. McCray does not have standing to bring this action because he does not claim to have suffered any 'injury in fact' or any personal or individualized harm, and as a non-lawyer, he may not bring an action on behalf of another party." (citations omitted)); *see also Alianza Americas v. DeSantis*, No. 22-CV-11550, 2022 WL 17094688, at *1 (D. Mass. Nov. 21, 2022) ("Currently before the Court is movant Emanuel McCray's . . . motion to intervene. [ECF No. 11]. For the following reasons, the motion is DENIED.").

motion for class certification (Doc. 6) and proposed complaint for class action. (Doc. 7.) The deadline to respond to the intervention motion is March 3, 2023.[2]

## II.         Argument and Authorities

### A.   McCray's motion to intervene should be denied because he cannot represent the class that he purports to represent.

Defendants oppose and object to McCray's motion to intervene because a *pro se* litigant cannot represent others, and thus, he cannot intervene in this action to represent a class. There are only two types of representation permitted under 28 U.S.C. § 1654: an attorney admitted to the practice of law by a governmental regulatory body and a person representing himself. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). In federal court, a party can represent himself or be represented by an attorney, but a party cannot be represented by a nonlawyer. *Id.*; *Amir-Sharif v. Dallas Cnty.*, No. 3:06-CV-0143-K, 2006 WL 2860552, at *4 (N.D. Tex. Oct. 5, 2006) (citing *Fymbo v. State Farm Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (explaining that a *pro se* litigant may not represent the claims of others because the competence of a layman is "clearly too limited to allow him to risk the rights of others")); *Wilson v. Jackson*, No. 3:14-CV-03748-N-BK, 2014 WL 6901810, at *1, *4 (N.D. Tex. Dec. 8, 2014) (summarily dismissing *pro se* litigant's

---

[2] McCray mailed his motion to intervene to the United States Attorney's Office on February 5, 2023, five days before he filed the motion to intervene. (Doc. 8.) Defendants' 21-day deadline to respond under Local Rule 7.1(e) is thus March 3, 2023, more than three weeks before Defendants' answer or responsive pleading deadline. Defendants appear prior to their answer deadline solely for the purpose of responding to McCray's motion to intervene and do not answer or otherwise plead in response to Plaintiffs' complaint. Defendants will separately respond to Plaintiffs' complaint and reserve the right to assert their defenses to that complaint under Federal Rule of Civil Procedure 12, including the defenses enumerated in Rule 12(b).

"Class Lawsuit" and because of his filing history, warning that the court may impose sanctions and/or bar him from bringing further action); *McCray v. Hageman*, 235 F. App'x 627 (9th Cir. 2007) (affirming trial court's *sua sponte* dismissal of McCray's complaint for lack of standing and because he could not bring an action on behalf of another party); *accord Welsh v. Tex. Civil Commitment Office*, No. 5:17-CV-083-C, 2017 WL 6450961 (N.D. Tex. Sept. 7, 2017) (dismissing *pro se* plaintiff's purported representation of multiple named plaintiffs because he had no right to bring a class action or a consolidated action of individual claims). McCray's motion to intervene and proposed class action ignore fundamental principles of representation and basic instructions that the Northern District of Texas provides to all *pro se* litigants. *See* https://www.txnd.uscourts.gov/pro-se-litigants.

**B.  McCray's motion to intervene should be denied because he cannot show that he meets the requirements for intervention.**

There is another, independent reason to deny McCray's motion to intervene. McCray moves to intervene on behalf of all citizens of the United States for alleged violations of their rights under the Tenth Amendment and other purported authorities including the Declaration of Independence. (Doc. 5 at 2, 11.) His rambling 88-page Proposed Class Action Complaint alleges an international healthcare conspiracy. (Doc. 7, at 6–47.) However, McCray's motion to intervene does not establish either intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24 on behalf of himself or others. *See Franciscan Alliance, Inc. v. Azar*, 414 F. Supp. 3d 928, 933–34 (N.D. Tex. 2019) (explaining the legal standard for intervention as of right

and permissive intervention under Rule 24).

McCray's motion to intervene should be denied because here, as in his other cases, he has not established the requirements for intervention. *See e.g.*, *Alianza Americas v. DeSantis*, No. 22-CV-11550-ADB, 2022 WL 17094688 (D. Mass. Nov. 21, 2022) (denying McCray's motion to intervene because he could not satisfy the requirements for intervention); *McCray*, 235 F. App'x at 627 (affirming trial court's *sua sponte* dismissal of McCray's complaint for lack of standing).

McCray seeks to intervene and form a class on behalf of "himself and all other citizens of the United States similarly situated," (Doc. 5 at 2) and "a group of "334,000,000 individuals." (Doc. 6 at 9.) He bases his claims on the "concrete injury" that "§ 70.1 endangers the health and well-being of all citizens of the United States." (Doc. 5 at 5, 7) (claiming "[i]ntervention is warranted" because McCray and his proposed class members are U.S. citizens and "§ 70.1 substantially interferes with and denies to all of the People of the United States their basic constitutional rights."). Such a "generalized grievance" quintessentially cannot support Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992). Nor can it support the kind of direct and substantial interest required for intervention of right. *See Texas v. United States*, 805 F.3d 653, 658 n.3 (5th Cir. 2015) ("'It is settled beyond peradventure, however, that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.'") (quoting *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)); *cf. id*. at 658 ("On the other hand, an interest that is concrete, personalized, and legally protectable is sufficient to support intervention."); *see*

*also Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) ("generalized" interest insufficient to support intervention of right).  And to the extent such an interest exists, McCray has not explained how the Attorneys General of Texas and Oklahoma will not adequately represent it.  Lastly, as in *Alianza Americas*, "allowing McCray to intervene [would not] be helpful, constructive, or protect an otherwise unrepresented interest."  2022 WL 17094688, at *2.  For at least these reasons, McCray's motion should be denied.

**C.      McCray's motion to intervene should be denied for failure to comply with the Local Civil Rules.**

Finally, even if the Court were inclined to grant McCray's motion to intervene, his motion should be denied because he failed to confer with the parties prior to filing his motion and include a certificate of conference, which violates the local rules.  *See* N.D. TEX. L.R. 7.1(a), (h).  The certificate of conference is not "a mere idle requirement intended to serve as a technical trap for unwary litigants."  *Sharif v. Wellness Int'l Network, Ltd.*, No. 3:05-CV-1367-B, 2007 WL 9711725, at *5 (N.D. Tex. May 7, 2007).

Here, McCray did not certify that he conferred with any of the parties regarding his motion to intervene.  McCray's failure to follow the Local Civil Rules deprives the parties (and the Court) of a potential opportunity to resolve the dispute without judicial intervention and to apprise the Court as to whether the parties oppose McCray's motion to intervene.  *See id*.  McCray's failure to confer with the parties as required by the Local Civil Rules is yet another reason why his motion to intervene should be denied.

## Conclusion

For these reasons, McCray's motion to intervene should be denied.

Respectfully submitted,

        LEIGHA SIMONTON

        UNITED STATES ATTORNEY

        s/ *Marti Cherry*
        Mary M. (Marti) Cherry
        Assistant United States Attorney
        Texas Bar No. 24055299
        1100 Commerce Street
        Third Floor
        Dallas, Texas  75242
        Telephone:   214-659-8600
        Facsimile:   214-659-8807
        E-mail:  mary.cherry@usdoj.gov
        *Attorneys for Defendants*

## Certificate of Service

On March 3, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), including certified mail (# 7019 2280 0002 0873 0872) on the following *pro se* intervenor plaintiff:

    Emanuel McCray, *pro se*
    400 W. Mcloughlin Blvd.
    Suite #5
    Vancouver, WA 98668
    Telephone:   564-208-7576
    E-mail: Emanuel.mccray@hotmail.com

        s/ *Mary M. (Marti) Cherry*
        Mary M. (Marti) Cherry
        Assistant United States Attorney