IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>STATE OF OKLAHOMA,<br><br>　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br><br>MARVIN FIGUEROA, in his official capacity as Director of Intergovernmental and External Affairs of the Department of Health and Human Services,<br><br>　　　　　　　　　*Defendants*. | Case No. 4:23-cv-00066-Y |

**PLAINTIFFS' COMBINED RESPONSE TO NON-PARTY'S MOTION TO INTERVENE AND MOTION FOR CLASS CERTIFICATION**

Plaintiffs oppose the Non-Party's Motion to Intervene, Doc. 5, and Motion for Class Certification, Doc. 6, and they respectfully request this Court deny the requested relief. The Non-Party has failed to establish any concrete and particularized injury-in-fact to satisfy Article III standing. Similarly, he has failed to present any direct, substantial, and legally protectable interest in the proceedings to establish intervention. Moreover, the Non-Party's interests are adequately represented by existing Plaintiffs, who as state government entities are presumed to adequately represent the interests of the public. In addition, the Non-Party's intervention would serve only to needlessly increase costs and delay disposition of the case, and it would undermine the interests of expediency and judicial efficiency. In further support, Plaintiffs show the following.

1

**ARGUMENT AND AUTHORITIES**

I.     THE NON-PARTY LACKS STANDING.

The Non-Party has failed to establish an injury in-fact supporting standing. It is well established that raising general grievances about the government is not sufficient to bestow Article III standing. In *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992), the Supreme Court explained:

> a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large— does not state an Article III case or controversy.

*See also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he Court has held that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

Here, the Non-Party presents nothing more than a general grievance held by all U.S. citizens against the federal government. For example, Non-Party seeks to "intervene . . . on behalf of himself and all other citizens of the United States similarly situated," Doc. 5 at 2, and to certify a class of "[a]ll persons born or naturalized in the United States who are citizens of the United States, and subject to the jurisdiction of the United States." Doc. 6 at 2; *see also* Doc. 7 at ¶ 111(A). He generally claims that "42 C.F.R. § 70.1 substantially interferes with and denies to all of the People of the United States their basic constitutional rights." Doc. 5 at 5; *see also* Doc. 6 at 5 (asserting that "The Federal Constitution applies equally to each citizen of the United States"); Doc. 7 at ¶ 199 (requesting the Court "remedy the harm to all U.S. citizens and their constitutional system"). He further claims standing "[b]ecause McCray is a citizen of the United States and is among the 'people' to whom the Tenth Amendment reserves 'powers not delegated to the United States by the Constitution, nor prohibited by it to the States . . . .'" Doc. 7 at ¶111(C). Such generic complaints simply do not give rise to an injury-in-fact supporting Article III standing. For this reason, the Court should deny both the Motion to Intervene and Motion for Class Certification.

## II.    INTERVENTION IS NOT PROPER.

The Federal Rules of Civil Procedure permit intervention two ways: as of right or by permission. *See* Fed. R. Civ. P. 24(a). To establish intervention as of right, the movant must establish that (1) the motion is "timely[,]" (2) he has "an interest relating to the property or transaction which is the subject of the action[,]" (3) he is "so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest[,]" and (4) his "interest must be inadequately represented by the existing parties to the suit." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (citation omitted). Here, the Non-Party cannot satisfy these requirements.

First, the Non-Party does not claim a legally sufficient interest in the subject of the action. On this requirement, the Fifth Circuit has explained that the intervenor "must have a 'direct, substantial, legally protectable interest in the proceedings.'" *Id.* at 1004 (citation omitted). The interest must "be one that the substantive law recognizes as belonging to or being owned by the applicant." *Id.* Put differently, "the inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). It is not enough that an intervenor "seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely prefers one outcome to the other." *Id.*

Here, the Non-Party has only presented a generalized preference in the outcome of the case that is insufficient to establish intervention as of right. *See, e.g.,* Doc. 5 at 7 (asserting that "42 C.F.R. § 70.1 endangers the health and well-being of all citizens of the United States."); *id.* at 8 (asserting that the Non-Party "seek[s] to protect significant 'protectable interests' secured by the 1776 Declaration of Independence . . . [and] the U.S. Constitution and the Tenth Amendment[,]" which were "enacted to protect the rights of" the Non-Party). The Intervenor does not identify any particularized interest specific to him, nor particularized stake in the lawsuit other than a simple concern with the general implications of the outcome of the lawsuit. Although on some level all citizens are personally or

3

ideologically interested in the outcome of constitutional and legal disputes between competing sovereign governments, and many federal laws or regulations "affect[] every citizen of the United States[,]" *id.* at 8, that alone does not bestow upon each U.S. citizens the right to intervene in every suit implicating some matter of public importance.

Second, the Non-Party's interest is adequately represented by existing Plaintiffs. Importantly, a presumption of adequate representation of interests of the public generally arises when the government is a litigant. As the Fifth Circuit has explained: "the public entity must normally be presumed to represent the interest of its citizens and to mount a good faith defense of its laws." *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012); *see also Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) ("[W]hen the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith."); *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation . . . ."). The Non-Party concedes that "the State Plaintiffs 'seek to protect their quasi-sovereign interest in the health and well-being of their residents'. The States and the citizens of the U.S. are all in this Nation together." Doc. 7 at ¶ 111(D).

To overcome this presumption, the intervenor must establish "adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative." *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 553 (5th Cir. 1985). The Non-Party here has shown none of these things. For example, the Non-Party can point to no statutory obligation giving rise to conflicting interests of the government litigant, as was the case in *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). Here, there is no adversity of interest, and the interest claimed by the Non-Party is aligned cleanly with the interest asserted by the State Plaintiffs. *Compare, e.g.,* Doc. 5 at 5 (seeking intervention

because "42 C.F.R. § 70.1 substantially interferes with and denies to all of the People of the United States their basic constitutional rights.") *with* Doc. 1 at ¶ 53 (alleging that 42 C.F.R. § 70.1 "transferred police power to an international organization, assigning the sovereign police power outside the constitutional order[,]" which "necessarily allows that organization to use or authorize the use of police powers that were neither given to it or to the federal government by the states."). Moreover, the Non-Party here has failed to allege or establish any collusion between State Plaintiffs and the Defendants, nor present any "valid complaint about the performance" of the lawyers for the State Plaintiffs. *Trbovich*, 404 U.S. at 539. Because the Non-Party has failed to rebut the presumption of adequate representation, and indeed the Non-Party's interests are adequately represented by original parties, the Non-Party cannot establish intervention by right.

For similar reasons, permissive intervention should be denied in the discretion of the Court. Courts have noted in similar circumstances that "[a] court must be circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity for simple reasons of expediency and judicial efficiency." *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012). Here, the interests of expediency and judicial efficiency decidedly weigh against permissive intervention. Because this case presents primarily questions of law, the Non-Party would not contribute any evidentiary assistance to the Court or the parties. Similarly, it is unclear what cognizable legal arguments the Non-Party would contribute that would not already be adequately presented by the original parties. In sum, "the intrusion of Movants into this litigation would do little more than needlessly increase costs and delay disposition of the case." *Johnson v. City of Dallas, Tex.*, 155 F.R.D. 581, 586 (N.D. Tex. 1994). For these many reasons, intervention by right or by permission is improper.

### III.  A CLASS ACTION IS IMPROPER.

In the event this Court denies the Non-Party's Motion to Intervene, the Motion for Class Certification will become moot. Thus, for the same reasons Non-Party's intervention is improper, so

too is his Motion for Class Certification. In the alternative, this Court should still deny the Non-Party's Motion for Class Certification under Fed. R. Civ. P. 23.

To succeed on a motion to certify a class action, the Non-Party "must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001) ("[T]he party seeking certification bears the burden of establishing that *all* requirements of rule 23(a) have been satisfied."). In determining whether or not to certify a class action, courts have "substantial discretion . . . ." *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 709 (5th Cir. 2020); *see also Berger*, 257 F.3d at 478 ("[T]he district court maintains great discretion in certifying and managing a class action." (citation omitted)).

As a prerequisite to class certification, Rule 23(a) requires a movant establish four factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Mitchell*, 954 F.3d at 709 (citation omitted). Here, the Intervenor has not carried his burden of proving a class is proper and has failed to establish many of the Rule 23(a) prerequisites.

Most notably, the Non-Party has not demonstrated he will fairly and adequately protect the interests of the class. This "adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Berger*, 257 F.3d at 479. In this inquiry, the court looks to "the zeal and competence of the representative['s] counsel" and also "the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees . . . ." *Id.* (citation omitted). Indeed, "it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id.* at 482 (citation omitted). Here, the

6

Non-Party is not represented by counsel and therefore cannot establish adequacy of representation nor competence of qualified counsel in representing the class. Moreover, the Non-Party, who is a resident of Washington State, *see* Doc. 7 at ¶ 95, has not established a willingness nor ability to take an active role in litigation in a venue approximately 1,900 miles away to protect the interests of the class members. Additionally, the Non-Party has not established a "a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Berger*, 257 F.3d at 482-83.[1] For these reasons and more, this Court should exercise its discretion in denying the Non-Party's Motion for Class Certification.

## CONCLUSION

For the many reasons stated herein, Plaintiffs respectfully request that this Court deny the Non-Party's Motion to Intervene, Doc. 5, and Motion for Class Certification, Doc. 6. Plaintiffs respectfully request all other and further relief as the Court deems just and necessary.

Respectfully Submitted,

*s/ Zach West*
ZACH WEST
 *Director of Special Litigation*
AUDREY A. WEAVER*
 *Assistant Solicitor General*
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.west@oag.ok.gov
Audrey.weaver@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*Application for admission pending.

and

---

[1] In addition, the Non-Party Intervenor has done little to establish the proposed class would be ascertainable. *See John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of [Rule 23].").

AARON F. REITZ
*Lead Counsel*
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
aaron.reitz@oag.texas.gov
GRANT DORFMAN
Deputy First Assistant Attorney General
Texas Bar No. 00783976
grant.dorfman@oag.texas.gov

GENE P. HAMILTON
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
*Counsel for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of March, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record. I further certify that I have served the foregoing document by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on the following Non-Party Intervenor:

Emanuel McCray
400 W. Mcloughlin Blvd.
Suite #5
Vancouver, WA 98668
E-mail: Emanuel.mccray@hotmail.com

*s/ Zach West*
ZACH WEST

8