# INTERVENORS' REPLY EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO.  22-252** |
| **MODERNA, INC. and MODERNATX, INC.,** | : | |

**ORDER**

**AND NOW**, this 8th day of March, 2023, upon consideration of the Motion to Intervene filed by Emanuel McCray (D.I. 60), I find the following:

1. On March 2, 2023, McCray filed a Motion to Intervene in this matter along with a proposed class action complaint.  The proposed complaint seeks "a declaration that Moderna's failure to procure a contract for production" of its COVID-19 vaccines before infringing Plaintiffs' patents "precludes and prevents Moderna and the United States from shifting Moderna's liabilities for infringing Plaintiffs' patents to the United States."  (D.I. 60-1 ¶ 94.)

2. Federal Rule of Civil Procedure 24 sets forth the standard for intervention.  The Rule provides, in pertinent part:

   > (a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
   > . . .
   > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
   > . . .
   > (b) **Permissive Intervention**.
   >
   > **(1)** **In General.**  On timely motion, the court may permit anyone to intervene who:
   > . . .

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.

3.  To intervene as of right under Federal Rule of Civil Procedure 24(a), a party must show "(1) a sufficient interest in the litigation; (2) 'a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action'; *and* (3) that its interest is not adequately represented by the existing parties to the litigation." Commonwealth of Pa. v. President United States of America, 888 F.3d 52, 57 (3d Cir. 2018) (emphasis added) (quotation omitted).

4.  McCray fails to establish either the first or the second element. McCray's allegations against Defendants generally contend that the vaccines were released to the public with known serious health risks. (D.I. 60-1 ¶¶ 34, 57, 67.) He seeks intervention both as of right and permissively "solely to challenge Moderna's attempt to shift liability for its . . . vaccines to the United States." (D.I. 60 at p. 3.) More specifically, the proposed Intervenor Complaint seeks "a narrow declaration that Contract No. W911QY-20-C-0100 (the '-0100 Contract) and 28 U.S.C. § 1498 are unavailable for use by the United States to shift Moderna's liability to the People of the United States for its infringements of Plaintiffs' patents and Moderna's liability for the safety and efficacy of the vaccine products made from these infringements." (D.I. 60-1 ¶ 6.)

5.  To the extent McCray seeks to challenge the use of § 1498 in the underlying patent litigation, McCray is not the  patentee and, therefore, does not have standing to challenge Defendants' efforts to use § 1498 and shift patent infringement liability to the United States. See 35 U.S.C. § 281 (noting that a civil action for patent infringement may be brought only by a "patentee."); see also 35 U.S.C. § 100(d) (defining "patentee" as "not only the patentee to whom the patent was issued but also the successors in title to the patentee.").

6.  To the extent McCray is concerned that Defendants' reliance on 28 U.S.C. § 1498 in the underlying case will preclude him from obtaining tort liability against Defendants in a separate

suit, his concerns are unfounded.  Section 1498 pertains only to patent and copyright cases.  See Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 345 (1928) (noting that the "intention and purpose of Congress" in enacting this statute was "to stimulate contractors to furnish what was needed" by the government, "without fear of becoming liable themselves for infringements to inventors or the owners or assignees of patents.").  As such, even if Defendants are ultimately successful in having part of the current patent litigation transferred to the Court of Federal Claims, there will be no impact on McCray's tort claims against Defendants in another jurisdiction.

7. Likewise, I do not find that McCray is entitled to permissive intervention under Rule 24(b). Permissive intervention is discretionary and may be given to any party who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1); see also United States v. Territory of Virgin Islands, 748 F.3d 514, 524 (3d Cir. 2014).  The United States Court of Appeals for the Third Circuit has previously upheld the denial of permissive intervention for the same reasons that a district court denied a motion for intervention by right.  See id. at 524; Brody By & Through Sugzdinis v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992) ("[I]f intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well.").

8. Because McCray has not asserted a claim or defense that shares a common question of law or fact with the main action, I will also deny permissive intervention.

**WHEREFORE**, Emanuel McCray's Motion to Intervene (Doc. No. 60) is **DENIED**.

**BY THE COURT:**


 */s/ Mitchell S. Goldberg*                                    
**MITCHELL S. GOLDBERG, J.**

3